IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-70-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| WILLIAM JOSEPH CRAIG | ) | |
| | ) | |

This matter came before the Court on January 10, 2022 for a hearing on a *pro se* Motion by Defendant requesting new counsel (Doc. 356). A response ("Response") from defense counsel Jack Stewart was filed on January 10, 2022 prior to the hearing. Doc. 359. Both in the Response and during the hearing, Mr. Stewart indicated that he joined Defendant's *pro se* Motion. Therefore, the undersigned construes the record as including both Defendant's *pro se* Motion and an oral motion to withdraw by Mr. Stewart (collectively, the "Motions"). Following the hearing, the Motions were taken under advisement. This Order now follows.

I. Relevant Procedural Background

A Bill of Indictment filed on August 3, 2021 charged Defendant with one count of violating 21 U.S.C. §846 and eight counts of violating 21 U.S.C. §841(a)(1). Doc. 3.

1

Defendant made an initial appearance on August 16, 2021 at which time he moved for the appointment of counsel. His request was granted and Mr. Stewart was assigned to represent him.

Defendant's trial is currently scheduled for March 7, 2022. Doc. 352.

As noted, the *pro se* Motion was filed on January 5 and the Response was filed on the morning of January 10.

At the subsequent hearing on January 10, 2022. Assistant United States Attorney Thomas Kent appeared for the Government and Mr. Stewart appeared with Defendant. The undersigned provided the parties with an opportunity to address the Motions in open court and, without objection, also heard from Mr. Stewart and Defendant in a closed proceeding.

The Government took no position with regard to the Motions.

## II. Legal Standards

"Whether a motion for substitution of counsel should be granted is within a trial court's discretion." United States v. Frazier, 313 Fed.Appx. 587, 588 (4th Cir. 2008) (per curiam) (citing United States v. Corporan–Cuevas, 35 F.3d 953, 956 (4th Cir.1994)). The Fourth Circuit "applies the same test when reviewing both motions to withdraw as counsel and motions for substitution of counsel." Frazier, 313 Fed.Appx. at 589 n.2.

In evaluating a motion to withdraw, courts consider factors such as the timeliness of the motion, the reasons given as to why counsel's representation

of the defendant should not continue, and whether there has been a breakdown in communication between counsel and the defendant that "prevents the ability to conduct an adequate defense…." See United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (quoting United States v. Johnson, 114 F.3d 435, 443 (4th Cir.1997)).

III. Discussion

The Motions have been brought approximately two months before the start of the scheduled trial term of March 7, 2022 and there is no indication that the Motions have been filed for the purpose of delay.

Communication between Defendant and Mr. Stewart does not appear to be an issue. According to the Response, Mr. Stewart has met with Defendant on seven occasions and has communicated with him by written letter more than six times. Defendant agrees that the two of them have had good communication.

Rather, Defendant's concern lies in his belief that Mr. Stewart is not taking his case seriously enough or giving it the requisite attention, particularly given the significant penalties Defendant may face if convicted. More specifically, certain events, such as Mr. Stewart not bringing his entire file to a meeting with Defendant and therefore not being able to recall certain information from memory, have led Defendant to lose confidence in and have concerns about Mr. Stewart's representation.

It is, of course, important for Defendant to understand and appreciate the charges against him as well as the maximum possible penalties he may face if convicted, and for him to be actively involved in his defense.

The undersigned is not persuaded, however, that the relationship between Mr. Stewart and Defendant has deteriorated to this point that new counsel should be appointed.

By all accounts, Mr. Stewart and Defendant have been in regular communication. Further, it appears that the events that have given Defendant some pause are minor and isolated, and that Mr. Stewart is actively involved in this matter on Defendant's behalf.

Accordingly, Defendant's *pro se* Motion requesting new counsel (Doc. 356) and Mr. Stewart's Oral Motion to Withdraw are **DENIED**.

It is so ordered.

Signed: January 12, 2022

W. Carleton Metcalf
United States Magistrate Judge